## Commonwealth v. Baughman

*Marcia Ziki*, for the Commonwealth.
*Willam E. Hager, III*, for defendant.

WOLFE, *P.J.*, March 7, 1985—Defendant's tractor-trailer was stopped by Officer Shattuck of the Warren Borough Police within Warren Borough on suspicion by the officer that the tanker was overweight. The officer directed defendant to the borough's stationary weigh scales and, after weighing the combination, determined it to be 21,240 pounds overweight. The magistrate therefore imposed a fine of $2,600 plus costs. Defendant appeals.

After hearing de novo we affirm and dismiss the appeal. The only issue raised by defendant is that the Commonwealth presented no certification of accuracy of the scales.

Section 4981, 75 Pa.C.S. §4981, of the Vehicle Code authorizes any police officer to require the driver of any vehicle or combination to stop and submit the vehicle or combination to be measured and weighed. The weighing may be done by either portable or stationary scales, and the weighing must be conducted by a qualified personnel who has been trained in the use of weighing equipment approved by the Department of Agriculture. The arresting officer may require the vehicle or combination to be driven to the nearest stationary scales if the scales are within two miles.

Subsection (e) of 4981 mandates portable scales to be calibrated every 30 days for the purpose of certification and accuracy by the Department of Agriculture. There is no mandate stationary scales be calibrated for accuracy.

The arresting officer testified that he was qualified to conduct weighing of vehicles, having been schooled by the Department of Agriculture, and stated that he believed the scales to be accurate. The scales had a digital readout of the weight of defendant's vehicle of 51,240 pounds, and defendant's vehicle was registered at 30,000 pounds gross weight permitted.

In Commonwealth v. Bell, 40 D.&C.2d 433 (1966), a similar issue of scale accuracy was raised. The court unequivocally stated, "[t]he Commonwealth is not obliged to prove the accuracy of the scales. The weighing officer's testimony and certificate of weight is prima facie evidence of the overload. Commonwealth v. Thurmond, 27 D.&C.2d 470 (1962). Defendant had the burden of proving

that the scales were inaccurate if he desired to do so. His opinion based on prior driving experiences does not meet that burden."

Moreover, subsection (d) of section 4981 permits the driver or owner to elect to have the vehicle re-weighed on the nearest available scale if the initial weighing was on scales operated by other than the department so that the reweighing may be done on scales that have been certified by the Department of Agriculture. Instantly, the scales were certified by the department to be accurate.

For the foregoing reasons we enter the following

### FINAL ORDER

And now, this March 7, 1985, the appeal is dismissed and in absence of appeal the fines and costs imposed by the district justice are imposed.